UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

GLADYS BARRETO,

    Plaintiff,

v.

CENTENE MANAGEMENT COMPANY, LLC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, GLADYS BARRETO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, CENTENE MANAGEMENT COMPANY, LLC (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA").

### PARTIES

2. Plaintiff, GLADYS BARRETO, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, CENTENE MANAGEMENT COMPANY, LLC is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to ADA 42 U.S.C. Sec. 1211, *et seq.* since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute.

5. 0At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

6. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

## JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

8. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

9. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

10. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

12. On or about January 17, 2017, Plaintiff began working for Defendant, Centene Management Company, LLC, as a supervisor.

13. From January of 2019 to August of 2019, Plaintiff was on short-term disability due to a spine surgery.

14. Plaintiff's spine surgery was not successful, and as a result of the failed spinal surgery, Plaintiff had multiple falls that lead to head trauma that caused her constant dizziness and loss of balance.

15. Additionally, on or about the year 2020, Plaintiff was diagnosed with Crohn's Disease and severe depression.

16. After Plaintiff returned to work, Plaintiff began falling behind on her work as result of her disabilities. Although Defendant had notice of Plaintiff's disabilities, they placed Plaintiff on a Performance Improvement Plan (PIP),

17. Although Plaintiff was able to successfully pass her PIP, her health continued to decline which led to having further health problems that affected her ability to concentrate and memorize information.

18. Experiencing memory loss, Plaintiff visited a neurologist, which ordered an MRI and memory test to be conducted on Plaintiff. The neurologist concluded as results of the MRI and memory test was that Plaintiff's memory loss was attributed to her severe depression and recommended that Plaintiff see a psychiatrist, and that she had to be in treatment for at least six months.

19. Due to Plaintiff's memory loss, Plaintiff's manager, Pamela Redondo, constantly chastised Plaintiff about her disabilities and even told Plaintiff in multiple occasions to "just retire already." When Plaintiff explained to Pamela Redondo that if she retired that she would lose money because she still had four years left before her retirement age, Pamela Redondo

responded that "it was always better to retire with less money, than to be let go," foreshadowing Defendant's plans with Plaintiff.

20. Plaintiff began to notice that she was treated less favorably than other similarly situated employees, who were not denied a reasonable accommodation.

21. On or about February 4, 2021, following the neurologist's orders, Plaintiff went to a psychiatrist, and after finishing her visit, she called her manager, Pamela Redondo, and notified her about the visit. Pamela Redondo's immediate reaction was that she demanded Plaintiff tell the psychiatrist that she had to fill out disability paperwork. Such request was rejected by the psychiatrist because the psychiatrist stated that it was only the first time she ever saw the Plaintiff, and that she never fill out disability paperwork without a patient complete their plan of treatment.

22. In accordance with Plaintiff's plan of treatment, Plaintiff make a second appointment with her psychiatrist for the month of March and informed her manager, Pamela Redondo, about her second appointment, plan of treatment, and the psychiatrist's refusal to provide Plaintiff with disability paperwork.

23. On or about March 4, 2021, Plaintiff's manager, Pamela Redondo, asked her to sign a severance package as part of her termination process.

24. Plaintiff was in utter shock when presented with the termination papers. When Plaintiff refused to sign the papers that stated that this was a voluntary termination, that her insurance was to be removed in the end of the month and that she was only to receive four weeks pay; Defendant wrongfully terminated Plaintiff without any severance and was told to leave.

25. Plaintiff, prior to her wrongful termination, had the requisite skills, education, experience, and other job-related requirements needed for his employment position, as well as positive performance reviews from Defendant while working there.

26. As a result of Defendant's discriminatory treatment of the Plaintiff based on her disabilities, Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

27. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-26 above as is set out in full herein.

28. Plaintiff is a member of a protected class under the ADA.

29. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's perceived disability and subjected Plaintiff to disability-based animosity.

30. Such discrimination was based upon the Plaintiff's perceived disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's perceived disability was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights under the ADA.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

38. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

39. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.
40. Defendant is a covered employer to which the ADA applies.
41. Defendant discharged Plaintiff from employment because of Plaintiff's perceived disability.
42. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable his to be employed by Defendant, as required under the ADA.
43. Defendant's discharge of Plaintiff on the basis of his perceived disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.
44. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;
b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088